UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| FRANK EVERSOLE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>IRS,<br><br>　　　　Defendant. | Case No.: 4:14-cv-00101-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT**<br><br>**(Docket No. 9)** |

Now pending before the Court is Plaintiff's Motion for Default (Docket No. 9). Being fully advised, the Court enters the following Memorandum Decision and Order:

## DISCUSSION

Consistent with FRCP 12(a)(2), the parties do not dispute that Defendant's response to Plaintiff's Complaint was due on or before October 24, 2014.[1] *Compare* Mot. for Default, p. 1 (Docket No. 9), *with* Opp. to Mot. for Default, p. 2 (Docket No. 11); *see also* Fed. R. Civ. P. 12(a)(2) ("The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."). Defendant filed a motion to dismiss on October 20, 2014. *See* Mot. to Dismiss (Docket No. 7). Moreover, Defendant's attorney, Yael Bortnick, certified that she mailed the motion to dismiss to Plaintiff via United States Postal Service on October 20, 2014. *See id.* at p. 4.

---

[1] This decision assumes for these purposes, without deciding, that the "Complaint" as framed is a sufficient statement of a claim to require a responsive pleading. Defendant has contested that issue in its pending motion to dismiss.

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiff alleges that he did not actually *receive* Defendant's motion to dismiss until some time after October 24, 2014 and now seeks a default judgment against Defendant, and awarded "the full request of relief as asked in the Complaint."  Mot. for Default, p. 2 (Docket No. 9).

Plaintiff is mistaken.  FRCP 5(b) details how service can be accomplished in regard to the Motion to Dismiss filed by the Defendant.  FRCP 5(b)(2)(C) prescribes that "[a] paper is served under this rule by . . . mailing it to the person's last known address – *in which event service is complete upon mailing*."  Fed. R. Civ. P. 5(b)(2)(C) (emphasis added).  Therefore, the fact that Plaintiff may have actually received Defendant's motion to dismiss after October 24, 2014 is immaterial to whether Defendant served its motion to dismiss on or before October 24, 2014.  The record reflects that Defendant, in fact, served its motion to dismiss on October 20, 2014 – four days before the October 24, 2014 deadline – when it mailed its motion to dismiss to Plaintiff.[2]

FRCP 55(a) provides that a default can be entered against a party only where that party "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Here, Defendant is clearly defending against this action by virtue of its motion to dismiss; moreover, Defendant has timely served it motion to dismiss.  *See supra*.  Therefore, Plaintiff's Motion for Default is without merit and is denied.

///

///

///

---

[2] It is possible that Plaintiff is not aware of the distinction between the manner of service required by the Rules for the initial service of a Complaint and Summons, and the subsequent acts of service for responsive pleadings and other judicial filings.

**MEMORANDUM DECISION AND ORDER - 2**

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Default (Docket No. 9) is DENIED.



DATED: **June 25, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**