UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| FRANK EVERSOLE,<br><br>    Plaintiff,<br><br>vs.<br><br>IRS,<br><br>    Defendant. | Case No.: 4:14-cv-00101-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>**(Docket No. 7)** |

Now pending before the Court is Defendant's Motion to Dismiss (Docket No. 7). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### BACKGROUND

Following multiple "Notices of Intent to Levy," on February 13, 2013, Defendant began levying 15% of Plaintiff's monthly social security disability payments related to unpaid federal individual income tax and civil penalty liabilities for the 2006-2008 tax years. *See* Mem. in Supp. of MTD, pp. 2-3 (Docket No. 7, Att. 1). As of October 7, 2014, the total amount that the Defendant has levied from Plaintiff's monthly social security disability payments is $5,134.11. *See id.* at p. 4.

Plaintiff initiated this action on March 12, 2014, challenging Defendant's authority to levy his social security disability payments. *See* Compl. (Docket No. 1). Within his single-page filing, Plaintiff alleges:

> I am compelled to file this complaint as a result of the I.R.S. levying 15% of my Social Security disability payments.

**MEMORANDUM DECISION AND ORDER - 1**

> They do so in disregard of the limitations placed on them by 26 USC § 6331(a) and specifically at 26 USC § 6331(h)(2)(A), as evidenced by 42 USC § 1381(a), and various other parts of the USC and CFR.
>
> I also wish to request Judicial Notice of Adjudicative Facts, as per Federal Rule of Evidence, Art. II, and Rule 201.
>
> As for relief, I would hope that the court would enjoin the I.R.S. from any further attempt to enforce said levy on any such funds that are exempted. I would also seek reimbursement of all monies that have been illegally taken (thus far $3,450.00) plus court costs and misc. expenses of $550.00, for a total of $4,000.00.

*Id.*, p. 1 (Docket No. 2).

On October 20, 2014, Defendant filed the at-issue Motion to Dismiss, arguing that Plaintiff's Complaint must be dismissed because (1) the United States has not waived its sovereign immunity; (2) the Anti-Injunction Act Bars Plaintiff's claim for injunctive relief; and (3) Plaintiff's Complaint fails to state a claim against the United States. *See* Mem. in Supp. of MTD, pp. 4-8 (Docket No. 7, Att. 1). Specifically, Defendant contends that Plaintiff has not satisfied the procedural prerequisites for bringing this action against it, and, notwithstanding those shortcomings, it is authorized to levy upon Plaintiff's social security disability payments for unpaid individual tax liabilities regardless.

The Court heard oral argument on Defendant's Motion to Dismiss on June 24, 2015. Up to that point, the exact contours of Plaintiff's claim(s) against Defendant were not immediately clear, prompting the undersigned to issue an Order Re: Supplemental Briefing the next day in an attempt to distill down the various issues at play. In relevant part, the Order stated:

> On June 24, 2015, the Court hearing oral argument on Defendant's Motion to Dismiss. In the course of that argument, *the Court discerned and confirmed with Plaintiff that his Complaint raises the sole question of whether Defendant may legally collect outstanding taxes owed by Plaintiff by way of a continuing levy on Plaintiff's social security disability benefits (as opposed to social security retirement benefits). In other words, is the Internal Revenue Service barred by federal law from*

**MEMORANDUM DECISION AND ORDER - 2**

> *seeking to levy upon social security disability payments to be paid to the recipient of such payments, as a means of recovering tax lien debts owed to the Government by the recipient of such disability payments.*

6/25/15 Order, p. 1 (Docket No. 18) (internal citations omitted) (emphasis added). In turn, the Order outlined a briefing schedule to further explore Defendant's discrete ability to levy social security *disability* benefits/payments to account for outstanding tax liabilities. *See id* at pp. 1-2. The parties have since submitted the requested briefing and Defendant's Motion to Dismiss is now ripe for this Court's consideration and resolution.

## DISCUSSION

By statute, "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand," the government may collect the unpaid tax "by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax." 26 U.S.C. § 6331(a). Social security benefits are generally not "subject to execution, levy, attachment, garnishment, or other legal process . . . ." 42 U.S.C. § 407(a).

*However*, under 42 U.S.C. § 407(b), the prohibition prescribed in section 407(a) may be modified by other provisions of law that make "express reference to this section." 42 U.S.C. § 407(b). And 26 U.S.C. § 6334(c) does just that, stating that "[n]otwithstanding any other law of the United States (including section 207 of the Social Security Act[1]), *no property or rights to property shall be exempt from levy other than the property specifically made exempt by*

---

[1] "The reference to section 207 of the Social Security Act, which is codified at 42 U.S.C. § 407, satisfies the express requirement of section 407(b)." *Thurman v. Internal Revenue Agency*, 2014 WL 7507241, *4 (D. Ariz. 2014).

**MEMORANDUM DECISION AND ORDER - 3**

*subsection (a) [of section 6334].*" 26 U.S.C. § 6334(c) (emphasis added).  Although 26 U.S.C. § 6334(a) lists various property exempt from levy, social security benefits are not one of them.  To be sure, while it is true that certain public assistance payments, including Supplemental Security Income benefits under Title IV or Title XVI of the Social Security Act are exempt from tax levy, "disability and retirement benefits[2] under Title II of the Social Security Act are not listed among the exemptions."  *Walker v. Colvin*, 2013 WL 664170, *2, n.4 (M.D. N.C. 2013) (citing 26 U.S.C. § 6334(a)(11) (discussing Titles IV and XVI of Social Security Act)).[3]

Accordingly, even though the statutory framework on the issue is not a model of clarity, the Court is persuaded that Plaintiff's claims with respect to Defendant's levy upon his social security disability payments are without merit.  *See, e.g.*, *Fealy v. Social Sec. Admin.*, 2014 WL 6629546, *8 (D. Nev. 2014) (discussing interplay between 42 U.S.C. §§ 407(a) & (b) and 26 U.S.C. §§ 6334(c) & (a), before concluding that "Fealy's claim that her social security benefits are exempt from IRS levy lack merit."); *Acevedo v. Bank of America, N.A.*, 2013 WL 1720967, *2 (E.D. Mo. 2013) ("Pursuant to these authorities, it is clear that the United States, though its agents, may garnish the plaintiff's monthly social security benefits until the plaintiff's outstanding federal income taxes and any assessed penalties are paid.); *United States v. Nipper*, 889 F. Supp. 2d 1260, 1270 (D. N.M. 2012) (upholding IRS's overall authority to levy social

---

[2]  Therefore, the undersigned's perceived distinction between social security disability benefits and social security retirement benefits when requesting additional briefing following the June 24, 2015 hearing (*see supra*) is of no moment.

[3]  Even so, by virtue of 26 U.S.C. § 6331(h)(2)(B), payments described within 26 U.S.C. § 6334(a)(11) can still be levied upon, but only up to 15%.  *See* 26 U.S.C. § 6331(h)(2)(B) ("*Notwithstanding section 6334*, such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer [with "specified payment" meaning] any payment described in paragraph (4), (7), (9), or (11) of section 6334(a) . . . .") (emphasis added).

**MEMORANDUM DECISION AND ORDER - 4**

security disability benefits);[4] *Lenning v. United States*, 1996 WL 857913, *2 (D. Conn. 1996) ("Accordingly, social security benefits are subject to levy by the IRS.  The court, therefore, concludes that the defendant may garnish the plaintiff's monthly social security benefits until the plaintiff's outstanding federal income taxes, and assessed penalties, are paid.").

Plaintiff's underlying arguments overlook these realities, and lack legal support of their own.  First, to the extent Plaintiff contends that 26 U.S.C. § 6331(h)(2)(A) absolutely exempts his social security disability payments from levy, that argument misapplies the statute.  *See* Opp. to MTD, p. 2 (Docket No. 10) ("Plaintiff's SDI Payment is exempt from levy pursuant to 26 [U.S.C. §] 6331(h)(2)(A).").  To be clear, despite the potential applicability of 26 U.S.C. § 6334(a)'s listed exemptions, 26 U.S.C. § 6331(h) allows the IRS to levy up to 15% of certain "specified payment[s]" due to the taxpayer, including "any federal payment for which eligibility isn't based on a payee's income and/or assets."  34 Am. Jr. 2d Federal Taxation ¶ 71936 (2015) (citing 26 U.S.C. § 6331(h)(2)(A)).  In other words, 26 U.S.C. § 6331(h) does not limit the authority otherwise granted to the IRS to levy; instead, it expands the right of the IRS to levy amounts previously exempt from levy under 26 U.S.C. § 6334 – but limited by a 15% cap.[5]  In no way does 26 U.S.C. § 6331(h)(2)(A) operate to support Plaintiff's argument that Defendant is

---

[4] In *Nipper*, the district court seemed to assume that social security disability benefits are exempt from levy via 26 U.S.C. § 6334(a)(11) but are nonetheless subject to a 15% continuous levy pursuant to 26 U.S.C. § 6331(h)(1) & (2).  *See Nipper*, 889 F. Supp. 2d at 1270.  Such a finding is arguably inconsistent with other courts' findings that Social Security disability benefits are *not* among the exemptions listed within 26 U.S.C. § 6334(a).  *See supra*.  Regardless, at the very least, the take-a-way from *Nipper* (at least as to its application here) is that Social Security disability benefits can be subject to a 15% continuous levy – just what Defendant has done here.

[5] Said another way: "Any levy that isn't clearly identified on its face as a [26 U.S.C. § 6331(h)] continuous levy will be treated as an ordinary levy under [26 U.S.C. § 6331(a)] or [26 U.S.C. § 6331(e) [(discussing continuing levy on salary and wages)]."  34 Am. Jr. 2d Federal Taxation ¶ 71936 (2015) (citing Notice 98-62 at 1998 WL 882421).

**MEMORANDUM DECISION AND ORDER - 5**

altogether precluded from levying any amount of his social security disability payments – quite the opposite, actually.

Second, Plaintiff's argument that 26 U.S.C. § 6331(a) applies only to federal government employees (and he is not a federal government employee) is also misplaced. Looking to the language of the statute, Plaintiff implied during oral argument that levies are permitted only upon "the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia . . . ." 26 U.S.C. § 6331(a). This argument selectively reads the statute, and leaves out other language which provides that, "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person." 26 U.S.C. § 6331(a). There is no violation of 26 U.S.C. § 6331(a) in the issuance of a Notice of Levy to Plaintiff, who is not a government employee. *See Fealy v. Soc. Sec. Admin.*, 2014 WL 6629546, *8 (D. Nev. 2014); *see also O'Donnell v. U.S.*, 611 Fed. Appx. 879, 880-81 (7th Cir. 2015) ("The second sentence of § 6331(a) does specifically authorize the IRS to levy wages from federal employees. But the first sentence of § 6331(a) empowers the IRS to levy the property of 'any person liable to pay any tax.'") (citing *Sims v. United States*, 359 U.S. 108, 112-13 (1959); *James v. United States*, 970 F.2d 750, 755 n.9 (10th Cir. 1992)). Therefore, Plaintiff's alternate claim that 26 U.S.C. § 6331(a) applies only to federal employees is without merit.

Because the IRS is permitted to levy upon Plaintiff's social security disability payments, Plaintiff has not stated a claim against the United States. As such, Defendant's Motion to

**MEMORANDUM DECISION AND ORDER - 6**

Dismiss should be granted.  In making this finding, the Court need not consider Defendant's alternate arguments involving sovereign immunity and the Anti-Injunction Act.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 7) is GRANTED.



DATED:  **December 4, 2015**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**